# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEFAN CHADWICK CRAWMER,

        Petitioner,      :    Case No. 3:22-cv-050

- vs -                         District Judge Michael J. Newman
                                    Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                                                :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case was brought *pro se* by Petitioner Stefan Chadwick Crawmer pursuant to 28 U.S.C. § 2241 (Petition, ECF No. 1).  Crawmer avers that he is a pre-trial detainee in custody of the United States Marshal Service and housed at the Sidney County Jail.  He alleges that he has been deprived of his Sixth Amendment right to a speedy and public trial (Ground One) and that he has been deprived of due process and equal protection of the law under the Fourteenth Amendment (Ground Two).

Crawmer avers that on or about the end of December 2021 he was brought before the Court for a hearing on a superseding indictment.  He alleges his own attorney and the Assistant United States Attorneys assigned to his case "colluded" to have the original indictment in his case dismissed and replaced with the superseding date because of a date discrepancy.  Crawmer asserts the amendment was to change the date frame for speedy trial purposes two weeks before his scheduled trial in mid-January, 2022.  Also involved in some way was data corruption on a flash

1

drive. Crawmer asserts all of this is unconstitutional and he seeks dismissal of the superseding indictment.

## Analysis

Crawmer is under indictment in Case No. 3:21-cr-138 in this Court. He was initially indicted on three counts of armed bank robbery on three separate occasion, knowingly using a firearm in connection with each of those offenses, and on a separate occasion knowingly possessing a firearm after having been convicted of a felony (ECF No. 15). Prior to that he had been ordered detained without bond by Magistrate Judge Peter Silvan (ECF No. 10). District Judge Walter Rice, to whom the criminal case is assigned, initially set a jury trial date of January 10, 2022 (ECF No. 17).

On December 13, 2021, Crawmer moved for a continuance of the trial date to review discovery and prepare for trial. He represented, through counsel:

> Mr. Crawmer understands that the filing of this Motion tolls the speedy trial clock pursuant to 8 U.S.C. §3161(h)(7)(A), which permits tolling of the speedy trial clock when either the defendant or the government requests a continuance, and when the ends of justice served by granting such continuance, outweigh the public's and the defendant's interests in a speedy trial.
>
> In the present matter, the ends of justice justify such continuance, as a failure to continue this case will impede Mr. Crawmer's ability to adequately prepare for trial. Moreover, the government does not object to said continuance.

(Motion to Continue, ECF No. 19, PageID 49). The First Superseding Indictment was filed the next day (ECF No. 20). On December 17, 2021, Judge Rice arraigned Crawmer on the Superseding Indictment and re-set the trial to March 17, 2022 (ECF No. 21). On the same day

2

Judge Rice continued the trial for one week to March 28, 2022 (ECF No. 22).

28 U.S.C. § 2241, which dates from the Judiciary Act of 1789, grants the federal courts jurisdiction to grant of habeas corpus. It is properly applicable to situations of pretrial confinement where the petitioner alleges that his pretrial confinement violates the United States Constitution.

> Habeas corpus is "governed by equitable principles." *Fay* v. *Noia*, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). We have therefore recognized that "prudential concerns," *Withrow* v. *Williams*, 507 U.S. 680, 686, 113 S. Ct. 1745, 123 L. Ed. 2d 407 (1993), such as comity and the orderly administration of criminal justice, may "require a federal court to forgo the exercise of its habeas corpus power," *Francis* v. *Henderson*, 425 U.S. 536, 539, 96 S. Ct. 1708, 48 L. Ed. 2d 149 (1976).
>
> The principle that a habeas court is "not bound in every case" to issue the writ, *Ex parte Royall*, 117 U.S. 241, 251, 6 S. Ct. 734, 29 L. Ed. 868 (1886), follows from the precatory language of the habeas statute, and from its common-law origins. The habeas statute provides only that a writ of habeas corpus "*may* be granted," § 2241(a) (emphasis added), and directs federal courts to "dispose of [habeas petitions] as law and justice require," § 2243. See *Danforth v. Minnesota*, 552 U.S. 264, 278, 128 S. Ct. 1029, 169 L. Ed. 2d 859 (2008). Likewise, the writ did not issue in England "as of mere course," but rather required the petitioner to demonstrate why the "extraordinary power of the crown" should be exercised, 3 W. Blackstone, Commentaries on the Laws of England 132 (1768); even then, courts were directed to "do as to justice shall appertain," 1 *id.*, at 131 (1765). The question, therefore, even where a habeas court has the power to issue the writ, is "whether this be a case in which [that power] ought to be exercised." *Ex parte Watkins*, 28 U.S. 193, 3 Pet. 193, 201, 7 L. Ed. 650 (1830) (Marshall, C. J.).

*Munaf v. Green,* 553 U.S. 674, 128 S. Ct. 2207, 2220-21 (2008).

"[H]abeas corpus has traditionally been governed by equitable principles. *United States ex rel Smith v. Baldi,* 344 U.S. 561, 573 [1953]. Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." *Fay v. Noia*, 372 U.S. 391, 438 (1963).

In this case the Petition must yield to the usual equitable principle that equity will not

3

intervene where a suitor has an available remedy at law. In this case Crawmer has a remedy by way of a motion to dismiss the indictment in his criminal case if he believes he is being held in violation of the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment. Because Petitioner has not attempted to obtain relief by filing for that legal remedy, his Petition should be dismissed for failure to exhaust that legal remedy. Believing this Court should not exercise it equitable authority where a legal remedy is available, the Magistrate Judge offers no analysis of the merits vel non of the Petition.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed without prejudice so that Petitioner may pursue his legal remedies for the asserted speedy trial violations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 22, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.